IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Informity Network, Ltd., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) ) | Jury Demanded |
| HCK Group, Inc., an Illinois corporation, d/b/a Informity Systems, Inc., Joan Hoholik, and Peter Hoholik, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Informity Network, Ltd. ("Informity Network") states the following for its complaint against Defendants HCK Group, Inc. d/b/a Informity Systems, Inc., Joan Hoholik and Peter Hoholik (collectively, "Defendants"):

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331,1338(a)&(b), and 1367.

2. This Court has personal jurisdiction over Defendants because Defendants' principal place of business is within this District, Defendants have provided services to persons within this District, Defendants regularly transact and conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. § 1391(a), (b), and (c), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District,

and Defendants have sufficient connection with the District of Illinois to make venue proper in this District.

## PARTIES

4. Plaintiff Informity Network Ltd. ("Informity Network") is an Illinois corporation which has its principal place of business in Chicago, Illinois.

5. Defendant HCK Group, Inc. d/b/a Informity Systems is an Illinois corporation which has its principal place of business in Northbrook, Illinois.

6. Defendant Joan Hololik is an individual who is a resident of Cook County, Illinois and the President of HCK Group, Inc.

7. Defendant Peter Hololik is an individual who is a resident of Cook County, Illinois and the Secretary of HCK Group, Inc.

## FACTS SUPPORTING REQUESTED RELIEF

8. Plaintiff Informity Network is a Chicago-based telecommunication consultant.

9. Plaintiff Informity Network provides end-to-end integrated technology solutions for its customers, including voice and data carrier services, telephone software and hardware, wiring and cabling, and professional design and audit services.

10. Plaintiff Informity Network has been identifying its services with the service mark "Informity" since February 2003 (the date of its incorporation) and the following logos:



(the service mark "Informity" and the logos above (the "Informity Logos") are individually and collectively referred to herein as the "Informity Trademark.")

11. Plaintiff Informity Network created the "Informity" service mark by combining the words "information" and "infinity."

12. Plaintiff Informity Network selected the "Informity" service mark because of its novelty.

13. Plaintiff Informity Network offers and advertises its services through its website www.informitynetwork.com.

14. Plaintiff Informity Network has provided services under the Informity Trademark to clients in Illinois and other states.

15. On information and belief, Joan and Peter Hololik are the owners, officers and operators of HCK Group, Inc.

16. On information and belief, HCK Group, Inc. currently does business under the names Informity Systems, Inc. ("Informity Systems") and Five Nine Networks.

17. On information and belief, HCK Group, Inc. formerly did business under the names Gee! Communications, Inc. and Metroline, Inc.

18. Starting in 2005, Informity Network repeatedly hired Peter Hololik and HCK Group, Inc. (at that time d/b/a GEE! Communications and Metroline Inc.) as a subcontractor to provide particular telecommunication services for certain Informity Network clients.

19. In 2005, Informity Network gave Peter Hololik and HCK Group, Inc. (at that time d/b/a GEE! Communications and Metroline Inc.) permission to use the Informity Trademark to do business as "Informity Systems" when performing subcontracting work for Informity Network's clients.

20.     In early 2015, the relationship between Informity Network and Peter Hololik deteriorated.[1]

21.     On February 7, 2015, Informity Network provided written notice to Peter Hololik and HCK Group Inc. revoking their authorization to use the Informity Trademark and terminating the business relationship (the "Notice").

22.     A true a correct copy of the Notice is attached as **Exhibit A**.

23.     Upon information and belief, despite Informity Network's unequivocal demand, HCK Group, Inc. continues to do business as Informity Systems and use the Informity Logos even after Peter Hololik and HCK Group, Inc. were put on actual notice, and consequentially, continues to engage in trademark infringement and unfair competition.

24.     Upon information and belief, Defendants are using the Informity Trademark in a deliberate and willful attempt to draw on the good will and commercial success of the Informity Trademark and Informity Network's business reputation.

25.     Defendants' use of the Informity Trademark is likely to create confusion (and has created actual confusion) as to the sources of services being provided. HCK Group Inc.'s customers, including would-be customers, believe and/or are likely to believe that HCK Group Inc. continues to work with Informity Network and/or that Informity Network is providing the services in question.

26.     Defendants' aforesaid conduct is causing immediate and irreparable injury to Informity Network and to its goodwill and reputation, and will continue both to damage Informity Network and to deceive the public. Informity Network has no adequate remedy at law.

---

[1] HCK Group, Inc. has filed a lawsuit in Illinois state court alleging, among other things, breach of contract, conspiracy, and business torts against Informity Network, Edita Arambulo and others. *See HCK v. Edita Arambulo, et. al*, No. 2015-CH16750 (Cir. Ct. IL Cook County, filed November 16, 2015).

## COUNT I

### FEDERAL UNFAIR COMPETITION

### (15 U.S.C. § 1125(a))

27. Informity Network repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

28. Defendants' ongoing use of the Informity Trademark constitute false designations of origin and false descriptions or representations that Defendants' business originates from or is authorized by Informity Network, when in fact it is not.

29. As a result of Defendants' unauthorized use of the Informity Trademark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' services.

30. Defendants' conduct is willful, intended to reap the benefit of Informity Network's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

31. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

32. As a result of Defendants' wrongful conduct, Informity Network has suffered and will continue to suffer damages. Informity Network is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants. Informity Network has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Informity Network's Trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes harm to Informity Network such that Informity Network could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue,

the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Informity Network, is continuing.

## COUNT II

### COMMON LAW TRADEMARK INFRINGEMENT

33. Informity Network repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

34. Informity Network has common law rights in the Informity Trademark based on its continuous use of the Informity Trademark in commerce in Illinois and other states in connection with its technology business.

35. Defendants' unauthorized use of Informity Network's Informity Trademark to promote, advertise, market, and/or sell their services is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' services, or as to a connection or affiliation with Informity Network, or permission from Informity Network, that does not exist, causing irreparable harm to Informity Network for which there is no adequate remedy at law. Defendants' conduct thus constitutes common law trademark infringement.

36. Despite their actual and constructive knowledge of Informity Network's ownership and prior use of the Informity Trademarks, and despite Informity Network's express written revocation of permission to use the mark, Defendants have continued to use the Informity Trademark without Informity Network's authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Informity Network in their Informity Trademark.

37. Informity Network has sustained injury, damage, and loss based on Defendants' actions.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

38. Informity Network repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

39. Defendants' marketing and promotion of services using the Informity Trademark constitute false designations of origin and false descriptions or representations that Defendants' services originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Informity Network, when in fact they are not. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods or services have originated from and/or have been approved by Informity Network.

40. Defendants' unauthorized use of the Informity Trademark falsely represents that Defendants' services emanate from or are authorized by Informity Network and places beyond Informity Network's control the quality of such services, and the message that is associated with such services.

41. Defendants' conduct is willful, intended to reap the benefit of the goodwill associated with the Informity Trademark, has caused and continues to cause damage and injury to the Informity Trademark, and constitutes common law unfair competition.

## COUNT IV

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICE ACT

## 815 ILCS §§ 510/1 et. seq.

42. Informity Network repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

43. Defendants' unauthorized use of Informity Network's Informity Trademark to promote, advertise, market, and/or sell their services is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' services, or as to a connection or affiliation with Informity Network, or permission from Informity Network, that does not exist, causing irreparable harm to Informity Network for which there is no adequate remedy at law.

44. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Informity Network in their Informity Trademark.

45. Informity Network has sustained injury, damage, and loss based on Defendants' actions.

**WHEREFORE**, Informity Network respectfully requests judgment against Defendants as follows:

    a. That a preliminary and permanent injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

i. using the Informity Trademark, or any other trademarks that are confusingly similar to the Informity Trademarks, for services, or making any other unlawful use of the Informity Trademarks or any other trademarks owned by Informity Trademark;

ii. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any service or product offered by Defendants is in any manner associated or connected with Informity Network, or is licensed, sponsored, approved, or authorized by Informity Network;

iii. engaging in any other activity constituting unfair competition with Informity Network, or constituting infringement of the Informity Trademark;

iv. taking any action, including the unauthorized use of the Informity Trademark, that dilutes the unique association between the Informity Trademark and Informity Network, or that tarnishes the reputation or image of Informity Network;

v. disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the Informity Trademark, or any mark or designation that is confusingly similar to any of the Informity Trademark; and

      vi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

b. That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing the Informity Trademark.

c. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), arising out of Defendants' acts of willful trademark infringement.

d. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1116(d), arising out of Defendants' use of counterfeit trademarks.

e. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition.

f. Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

g. Awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

h. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

i. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any services offered, advertised, or promoted by or on behalf of Defendants are authorized by Informity Network or related in any way to Informity Network's products or services.

j. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

k. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: May 10, 2016

Respectfully Submitted:

By: _____
Nathan Larsen

Adam S. Tracy
Nathan Larsen
The Tracy Firm, LTD.
2100 Manchester Rd. Suite 615
Wheaton, IL 60187
(888) 611-7716 Tel.
(630) 689-9471 Fax.
Atty No. 6290008